United States Courts
Southern District of Texas
ENTERED

OCT 1 2 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS GONZALES,<br>TDCJ-CID #1170418,<br>     Petitioner,<br><br>v.<br><br>DOUGLAS DRETKE,<br>     Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. H-05-3396 |

## MEMORANDUM OPINION AND ORDER

State inmate Carlos Gonzales has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2004 disciplinary conviction at the Estelle Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ). The threshold question is whether Gonzales has stated meritorious grounds for federal habeas relief. This Court finds that he has not, and **DISMISSES** the petition. *See* 28 U.S. C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

### I. BACKGROUND

According to his petition, Gonzales pleaded guilty to possessing contraband and failing or refusing to obey an order under disciplinary case 20050101297, and was punished with thirty days loss of commissary privileges, thirty days cell restriction, and a reduction in line class from S3 to S4. Gonzales claims that his step 1 and step 2 administrative appeals were returned unprocessed. The petition reflects that Gonzales is not eligible for mandatory supervised release.

As grounds for federal habeas relief, Gonzales claims that (1) he was denied procedural due process before and during the disciplinary hearing; (2) he was denied the

right to appeal his disciplinary conviction; (3) his counsel substitute was ineffective; and (4) he was coerced into pleading guilty.

## II. ANALYSIS

A.  Due Process Considerations

Due process protections do not attach to ordinary prison disciplinary cases, but only those which serve to lengthen the inmate's sentence or exceed its expected parameters. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In order to challenge a prison disciplinary adjudication by way of a federal petition for habeas relief, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Gonzales's punishment consisted of nothing more than loss of commissary privileges, cell restriction, and a line class reduction. Punishment other than the loss of accrued good time credit merely constitutes a change in the conditions of an inmate's confinement and does not implicate federal due process rights. *Sandin*, 515 U.S. at 478; *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

Gonzales's habeas challenges to his cell and commissary restrictions do not present grounds for federal habeas corpus relief. *Madison*, 104 F.3d at 768. Nor are Gonzales's due process rights implicated by the reduction in line class status. The Fifth Circuit has held that the mere opportunity to earn good time credit does not constitute a constitutionally cognizable liberty interest sufficient to trigger due process protections. *Luken v. Scott*, 71

F.3d 192, 193 (5th Cir. 1995). Gonzales's custodial classification will not inevitably affect the duration of his sentence.

Regardless, Gonzales alleges that his due process rights were violated because the investigating officer refused to attempt an informal resolution, refused to allow him to give an investigation statement, did not conduct the investigation within twenty-four hours of the alleged offense, and rejected his requests to waive counsel substitute and for a continuance. These are not procedural due process safeguards recognized by the Supreme Court as applicable to prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Habeas relief is **DENIED** on Gonzales's due process grounds.

B.   Right to Appeal

Gonzales asserts that his constitutional right to appeal the disciplinary conviction was denied because his step 1 administrative appeal was returned to him unprocessed due to "excessive attachments." This argument fails to state a cognizable constitutional violation regarding the disciplinary proceedings, and habeas relief is **DENIED**.

C.   Ineffective Assistance of Counsel Substitute

Gonzales argues that his counsel substitute was ineffective at the disciplinary hearing. An inmate can claim that he was denied effective assistance of counsel only when he has a constitutional right to counsel. *Enriquez v. Mitchell,* 533 F. 2d 275 (5th Cir. 1976). Prisoners do not have a constitutional right to counsel in disciplinary proceedings. *Baxter v. Palmigiano,* 425 U.S. 308, 314-15 (1976). Because Gonzales had no right to counsel, habeas relief is **DENIED** on this ground.

3

D.   Coerced Guilty Plea

Gonzales alleges that the hearing officer coerced him into pleading guilty to the disciplinary charges. Gonzales did not raise this ground in his step 1 administrative appeal (Docket Entry No. 1, Exhibit), and has failed to exhaust his administrative remedies as to this argument. Regardless, Gonzales asserts that during the hearing, the officer stopped the tape recorder and told Gonzales that he had "better act right or [he's] outta here." Gonzales claims he took that to mean that unless he pleaded guilty, he would be "locked up." Even assuming that the hearing officer made such a statement, no colorable claim of coercion is shown. Gonzales's factual allegation fails to state a cognizable constitutional violation, and habeas relief is **DENIED** on this ground.

### III. CONCLUSION

Gonzales's petition for habeas relief is **DENIED** and this case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 10th day of October, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4